UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

AMELINA ARCHELUS, )
)
Plaintiff, )
)
v. ) Case No. 2:25-cv-778
)
COMMISSIONER OF SOCIAL SECURITY, )
)
Defendant. )

# ENTRY ORDER
# GRANTING APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*, DISMISSING COMPLAINT, AND GRANTING LEAVE TO AMEND
(Docs. 1, 1-2)

Plaintiff Amelina Archelus, currently a Vermont resident representing herself, seeks to bring an action against the Social Security Office. The Commissioner of the Social Security Administration ("SSA") has entered a notice of appearance. Because Plaintiff's financial affidavit satisfies the requirements of 28 U.S.C. § 1915(a),[1] her application for leave to proceed *in forma pauperis* ("IFP") (Doc. 1) is GRANTED. The court proceeds to an initial review of the Complaint (Doc. 1-2) under 28 U.S.C. § 1915(e)(2)(B).

## I.    Allegations of Plaintiff's Proposed Complaint.

In a Complaint for Review of a Social Security Disability or Supplemental Security Income Decision, Plaintiff has checked the boxes for jurisdiction under both 42 U.S.C. §§ 405(g) and 1383(c)(3). (Doc. 1-2 at 2.) In response to the question, "When did you receive notice that the Commissioner's decision was final[,]" she states: "It [has] been 1 year and haven't heard anything because of discrimination." *Id.* at 3. Under Statement of Claim, she checked the box for the "Commissioner's decision was based on

---

[1] Plaintiff lists no income or assets and states that she is "not sure" of her expenses. *See* Doc. 1.

legal error" and adds: "The commissions have not process my application because of my religion[.]" *Id.*

As relief, Plaintiff requests the court "[m]odify the defendant's decision" and grant monthly maximum insurance benefits, retroactive to the date of initial disability, and grant any further relief as may be just and proper under the circumstances of this case. *Id.* at 3-4.

In a typewritten addendum, titled Statement for my false work injury claim #2022-123601 for November 28, 2022, Plaintiff states in full:

> On September 2025[,] I brought this false worker compensation work related injury case to the courts asking the court to please look into this matter for me so I provided the court with the company and the company insurance false documentations stating that I was never injured at the jobsite which I was injured at sunrise senior living of Decatur which is located at 920 [C]lairmont [A]ve[,] Decatur G[A] 30030 on November 28, 2022 and I also provided the courts with proofs that I was transported on the day of my injury from the jobsite to the hospital and another statement from the job and the[] insurance company stating that I return back to work from my injury on February 7, 2023 which I never did[.] I also provide the court with proof of my documentation that I was on a doctor disability leave due to my injury so the doctors had order[ed] for me to get this physical therapy consult and treatment done and a neuropsychological evaluation done which I was unable to because my claim was suspended at the time because of the companies false information[] on my claim[.] [I]t also [a]ffected my finances[.] I've not been able to obtain a job ever since this injury so I'm asking the courts for the damages these companies actions have caused me which is Brain damages[,] brain dead[.] [M]y career[,] my goals[,] my life[,] and future plans have been impacted by this[.] [M]y los[t] wages since November 28, 2022-September 22, 2025 which I provided to the courts on the amounts I'm asking the courts for I'm asking the court[,] if possible[,] to grant me the amount I've req[e]sted[.] I feel like if the companies never provided these false information on my claim[,] I would've never suffered with these conditions[.]

*Id.* at 5-6. Plaintiff also attached medical documentation dated June 29, 2023.

## II.    Conclusions of Law and Analysis.

### A.    28 U.S.C. § 1915(e)(2)(B) Review.

Under 28 U.S.C. § 1915, "the court shall dismiss [a] case [filed IFP] at any time if

2

the court determines that . . . the action . . . fails to state a claim on which relief may be granted[] or [] seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A district court has the inherent power to dismiss a case *sua sponte* if it determines the court lacks jurisdiction over the matter, Fed. R. Civ. P. 12(h)(3), or the case presents no meritorious issue. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (holding that a district court may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee); *Pillay v. Immigr. & Naturalization Serv.*, 45 F.3d 14, 17 (2d Cir. 1995) (holding that the court has "inherent authority" to dismiss a petition that presents "no arguably meritorious issue").

Courts afford pleadings filed by self-represented parties "special solicitude." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019). The court is required to read a self-represented plaintiff's complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Nonetheless, a complaint filed by a self-represented litigant must still contain grounds for the court's subject matter jurisdiction as well as "sufficient factual matter . . . to state a claim" for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

In determining whether a complaint states a claim, the court must "accept as true all of the allegations contained in a complaint" and decide whether the complaint states a plausible claim for relief. *Id.*; *see also* Fed. R. Civ. P. 8(a) (listing required contents of a pleading that states a claim for relief). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Self-represented litigants must also satisfy the plausibility standard set forth in *Iqbal*. *See Costabile v. N.Y.C. Health & Hosps. Corp.*, 951 F.3d 77, 80-81 (2d Cir. 2020).

### B. Law Governing Claims against SSA.

The doctrine of sovereign immunity prevents the federal government from being sued "without its consent." *United States v. Navajo Nation*, 556 U.S. 287, 289 (2009). In any action in which the United States or one of its agencies is named as a defendant, a waiver of the government's sovereign immunity is a prerequisite to subject matter jurisdiction. *See Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999); *see also Up State Fed. Credit Union v. Walker*, 198 F.3d 372, 374 (2d Cir. 1999). For the purpose of Social Security claims, the United States has consented to be sued under limited circumstances provided in the Social Security Act. Section 405(g) provides, in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). The Supreme Court has recently explained that § 405(g) contains two separate elements: a jurisdictional element that claims be presented to the agency and a requirement that administrative remedies prescribed by the Commissioner's regulations be exhausted. *Smith v. Berryhill*, 587 U.S. 471, 478 (2019).

Under the Social Security Act's regulations, claimants must proceed through a four-step administrative review process including: (1) seeking an initial determination of eligibility; (2) seeking reconsideration of that determination; (3) requesting a hearing before an Administrative Law Judge ("ALJ"); and (4) seeking review of the ALJ's decision by the agency's Appeals Council. *Id.* at 476; *see also* 20 C.F.R. § 404.900(a)(1)-(4). Completion of these steps is required before claimants can obtain review in a federal court. *Smith*, 587 U.S. at 476. Failure to exhaust administrative remedies "can be excused if (1) the claim is collateral to a demand for benefits, (2) exhaustion would be futile, or (3) requiring exhaustion would result in irreparable harm." *Escalera v. Comm'r*, 457 F. App'x 4, 6 (2d Cir. 2011) (internal quotation marks omitted).

4

Plaintiff's Complaint alleges both that this is an action seeking court review of a decision of the SSA Commissioner and that her application has not been processed. In the absence of an allegation that Plaintiff has pursued her claim administratively before the SSA, and exhausted her administrative remedies, her claim is not a challenge to a final decision of the SSA.[2] For this reason, in its current state, Plaintiff's proposed Complaint fails to state a claim against the Commissioner of SSA for which this court has jurisdiction. As a result, Plaintiff's Complaint is DISMISSED upon review under 28 U.S.C. § 1915(e)(2)(B).

### C. Leave to Amend.

The Second Circuit has cautioned that a court "should not dismiss a pro se complaint without granting leave to amend at least once, unless amendment would be futile." *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (internal quotation marks omitted). Accordingly, Plaintiff may file an Amended Complaint. Plaintiff is advised that a proposed Amended Complaint, if filed, will supersede and completely replace the original Complaint. *See Hancock v. Cnty. of Rensselaer*, 882 F.3d 58, 63 (2d Cir. 2018) (noting "it is well settled that an amended pleading ordinarily supersedes the original and renders it of no legal effect") (brackets and internal quotation marks omitted).

An Amended Complaint must set forth a factual and legal basis for this court's subject matter jurisdiction and state a claim for which relief may be granted. It must include Plaintiff's factual allegations in their entirety and must set forth the claims she alleges against each defendant and all the relief she seeks. It must comply with the Federal Rules of Civil Procedure, including setting forth a short and plain statement of each claim as required by Rule 8, in consecutively numbered paragraphs as required by Rule 10, and with Plaintiff's original signature as required by Rule 11.

---

[2] In fact, the form Complaint for Review of a Social Security Decision requests that a plaintiff attach a copy of the Commissioner's final decision, and a copy of the notice that an appeal was denied from the Social Security Appeals Council. *See* Doc. 1-2 at 3.

For further reference, Plaintiff may consult a sample Complaint as well as the court's Representing Yourself as a *Pro Se* Litigant Guide, available on the court's website at www.vtd.uscourts.gov/filing-without-attorney-1, or contact the District of Vermont Clerk's Office for a self-represented party's informational pamphlet.

## CONCLUSION

For the reasons discussed above, Plaintiff's application to proceed *in forma pauperis* (Doc. 1) is GRANTED. However, having conducted the review required under 28 U.S.C. § 1915(e)(2)(B), Plaintiff's Complaint (Doc. 1-2) is DISMISSED. Plaintiff is GRANTED leave to file a proposed Amended Complaint, no later than November 26, 2025. In doing so, Plaintiff should address the pleading deficiencies identified herein. Failure to do so shall result in dismissal of the case.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 23rd day of October, 2025.

Christina Reiss, Chief Judge
United States District Court