UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

AMELINA ARCHELUS,                    )
                                     )
          Plaintiff,                 )
                                     )
     v.                              )          Case No. 2:25-cv-778
                                     )
COMMISSIONER OF SOCIAL SECURITY,     )
                                     )
          Defendant.                 )

**ENTRY ORDER**
**DISMISSING PROPOSED AMENDED COMPLAINT AND**
**DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS**
(Docs. 7 & 16)

On September 22, 2025, Plaintiff Amelina Archelus, representing herself, filed an action against the Commissioner of the Social Security Administration (the "SSA" or "Defendant") and a motion for leave to proceed *in forma pauperis* ("IFP") pursuant 28 U.S.C. § 1915(a). On October 23, 2025, after conducting an initial review under 28 U.S.C. § 1915(e)(2)(B), the court granted her motion to proceed IFP, dismissed the Complaint for failure to state a claim against Defendant, and granted leave to file an Amended Complaint (the "AC"). The court noted that, "[i]n the absence of an allegation that Plaintiff has pursued her claim administratively before the SSA, and exhausted her administrative remedies, her claim is not a challenge to a final decision of the SSA." (Doc. 5 at 5.) On November 10, 2025, Plaintiff timely filed a proposed AC, which she supplemented on December 9, 2025. The court proceeds to an initial review of the AC under 28 U.S.C. § 1915(e)(2)(B).

I.    **The Allegations of Plaintiff's Proposed AC.**

The proposed AC states in full:

This[ is] my Amended Complaint for case number 2:25-cv-778 [in] which I had ask[ed] the court to look into for me for my social security benefits that I had appl[ied] for in the state of Georgia in the location which is 4365

> Shackleford [Road,] Norcross[,] GA 30093[.] [I]n Feb[ruary] of 2023 my
> claim was denied due to discrimination towards my religion[,] race[,] and
> envy[.] [T]hat department stated I didn't have [a] medical condition[] which
> I did at the time of me applying for my [Social Security Disability
> Insurance ("SSDI")] and [Social Security Income ("SSI")] benefits[.] I was
> injured at this job on Nov[ember] 28[,] 2022[.] I had suffered with a major
> TBI[,] hard of hearing[,] and also had other serious medical conditions that
> had prevented me from obtaining a job or understanding the job process[.]
> I'll be providing the court with evidence[] of my conditions when I[]
> applied for my disabilit[y] benefits so I'm asking the court[] to please
> investigate this matter for me and review my claim with that department if
> possible[.]

(Doc. 7 at 1.)

Plaintiff attached nine pages of exhibits to the AC, including a document dated November 28, 2022 which indicated Plaintiff was diagnosed with a "[h]ead injury" and a "[c]oncussion" based on symptoms including "[h]eadache, dizziness, fainting, vision change, speech changes, difficulty moving arms/legs, chest pain, shortness of breath, and other signs and symptoms[.]" (Doc. 7-2 at 1.) She was given acetaminophen and sodium chloride.

On December 13, 2022, Plaintiff visited her primary care physician for a "[r]outine" consultation and was instructed to make an appointment through the Department of Psychiatry and Behavioral Sciences at Emory Health Care if she sought mental health services. *Id.* at 3. An August 30, 2023 referral related to Plaintiff's alleged memory loss again instructed her to make an appointment through the Department of Psychiatry and Behavioral Sciences at Emory Health Care if she sought mental health services. *Id.* at 4.

Plaintiff submitted an August 30, 2023 "[r]outine" referral from her primary care physician to an ENT on which Plaintiff wrote "This was my condition[] when I[] appl[i]ed for my benefits" and "[e]ver since my injury I['ve] been suffering with hearing loss[.]" *Id.* at 6. The diagnosis was "[e]ncounter for audiology evaluation[.]" *Id.* In a hearing exam report dated February 18, 2025, the ENT recommended that Plaintiff be re-

evaluated "to see if [the] results are reliable" because "[t]hresholds do not align with observed behavior and are consistent with malingering[.]" *Id.* at 2.

On December 6, 2023, the State Board of Workers' Compensation in Georgia held a hearing on Plaintiff's claim based on her November 28, 2022 injury. Plaintiff was present at the hearing and represented by an attorney. Her employer was also present and represented by counsel. The exhibit does not indicate the adjudication or the reasons for the adjudication, although Plaintiff wrote "I have been disabled ever since this date[. T]hey lied on this claim because of envy of power[.]" (Doc. 7-2 at 5.)

The final exhibit[1] to the AC is a referral to psychiatry dated October 24, 2024 and which recorded a diagnosis of "[d]epression with anxiety" and "PTSD (post-traumatic stress disorder)[.]" *Id.* at 7. The priority of the referral was "[r]outine[.]" *Id.*

On December 9, 2025, Plaintiff filed a supplement to the AC, which stated:

This is evidence of my social security claim #7175293 that I had applied for on [Feb.] 2023 after my major TBI injury had occurred on November 28[,] 2022 that had caused my major disabilities. . . . I had applied for my social security benefits[,] SSI [and] SSDI[,] which the social security administration office that I had provided to the court [with] my [AC] that was the location that had disapproved my benefits stating I was not disabled at the time of my application[.] . . . I had hearing loss[,] Alzheimer disease[,] major mood swing[s,] major depression[,] major anxiety[, and a] major TBI [as] my medical conditions[. They were] crucial[.] [T]hat was the reason [for] me applying for my benefits which I had provided evidence to the court[] of my medical conditions[. S]o on June 27[,] 2023[,] the department stated I had no disabilities to be qualif[ied] for my disability benefits which I did at the time of applying because of my religion and jealousy[.] . . . I had ask[ed] the department of social security for an appeal [but] they never respon[ded] to my request because[] of my religion so I had already file[d] for my [AC] to the court[.] . . . I [would] like to add this proof of evidence to attach with my other evidence for case #2:25-cv-778[.] . . . I'm asking the [U]nited [S]tate[s] courthouse to look into this claim for me . . . if possible[.]

(Doc. 9 at 1.) Plaintiff attached three pages of the Notice of Disapproved Claim sent by Defendant to her on June 27, 2023, in which Defendant denied her claim for SSI

---

[1] It appears that Doc. 7-2 at 8 is the same document as Doc. 7-2 at 4, and Doc. 7-2 at 9 is the same document as Doc. 7-2 at 3.

payments because, after reviewing the medical and non-medical reports, Defendant determined that she was not disabled or blind under its rules. *See id.* at 2, 4. The Notice of Disapproved Claim includes information about the right to appeal and instructions which state:

- You have 60 days to ask for an appeal.
- The 60 days start the day after you receive this letter. We assume you got this letter 5 days after the date on it unless you show us that you did not get it within the 5-day period.
- You must have a good reason if you wait more than 60 days to ask for an appeal.
- You must ask for an appeal in writing. Please use our "Request for Reconsideration" form, SSA-561. You can go to our website . . . to locate this form. Or, you can submit your appeal request online[.] You can also contact us to request the form or if you need help filling out the form.
- In addition, you should complete form SSA-3441 "Disability Report – Appeal" to tell us about your medical condition since filing the claim. You can go to our website . . . to locate this form. You can also contact . . .

*Id.* at 2. Plaintiff did not attach the next page of the Notice of Disapproved Claim which contains the remainder of the instructions for how to file an appeal.

## II.      Conclusions of Law and Analysis.

### A.      28 U.S.C. § 1915(e)(2)(B) Review.

Under 28 U.S.C. § 1915, "the court shall dismiss [a] case [filed IFP] at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted[] or [] seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A district court has the inherent power to dismiss a case *sua sponte* if it determines the court lacks jurisdiction over the matter, Fed. R. Civ. P. 12(h)(3), or the case presents no meritorious issue. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (holding that a district court may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee); *Pillay v. Immigr. & Naturalization Serv.*, 45 F.3d 14, 17 (2d Cir. 1995) (holding that the court has "inherent authority" to dismiss a petition that presents "no

arguably meritorious issue").

Courts afford pleadings filed by self-represented parties "special solicitude." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019). The court is required to read a self-represented plaintiff's complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Nonetheless, a complaint filed by a self-represented litigant must still contain grounds for the court's subject matter jurisdiction as well as "sufficient factual matter . . . to state a claim" for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

In determining whether a complaint states a claim, the court must "accept as true all of the allegations contained in a complaint" and decide whether the complaint states a plausible claim for relief. *Id.*; *see also* Fed. R. Civ. P. 8(a) (listing required contents of a pleading that states a claim for relief). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Self-represented litigants must also satisfy the plausibility standard set forth in *Iqbal*. *See Costabile v. N.Y.C. Health & Hosps. Corp.*, 951 F.3d 77, 80-81 (2d Cir. 2020).

**B.    Law Governing Claims against SSA.**

The doctrine of sovereign immunity prevents the federal government from being sued "without its consent." *United States v. Navajo Nation*, 556 U.S. 287, 289 (2009). In any action in which the United States or one of its agencies is named as a defendant, a waiver of the government's sovereign immunity is a prerequisite to subject matter jurisdiction. *See Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999); *see also Up State Fed. Credit Union v. Walker*, 198 F.3d 372, 374 (2d Cir. 1999). For the purpose of Social Security claims, the United States has consented to be sued in limited circumstances provided in the Social Security Act (the "Act"). Section 405(g) of the Act provides, in relevant part:

Any individual, after any final decision of the Commissioner of Social

> Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g); *see also Johnson v. Comm'r of Soc. Sec.*, 2017 WL 4857562, at *2 (D. Vt. Oct. 25, 2017) (noting § 405(g) "provides the exclusive means by which the federal courts may review a decision of the Commissioner[]") (internal quotation marks omitted). The Supreme Court has recently explained that § 405(g) contains two separate elements: a jurisdictional element that requires claims to be presented to the agency and a further "nonjurisdictional" requirement that administrative remedies prescribed by the Commissioner's regulations be exhausted. *Smith v. Berryhill*, 587 U.S. 471, 478 (2019).

Under the Social Security Act's regulations, claimants must proceed through a four-step administrative review process including: (1) seeking an initial determination of eligibility; (2) seeking reconsideration of that determination; (3) requesting a hearing before an Administrative Law Judge ("ALJ"); and (4) seeking review of the ALJ's decision by the agency's Appeals Council. *Id.* at 476; *see also* 20 C.F.R. § 404.900(a)(1)-(4). Completion of these steps is required before claimants can obtain review in a federal court. *Smith*, 587 U.S. at 476. Failure to exhaust administrative remedies "can be excused if (1) the claim is collateral to a demand for benefits, (2) exhaustion would be futile, or (3) requiring exhaustion would result in irreparable harm." *Escalera v. Comm'r*, 457 F. App'x 4, 6 (2d Cir. 2011) (internal quotation marks omitted).

Similar to the original Complaint, the AC alleged that this is an action seeking court review of the SSA's decision. In the Complaint, Plaintiff alleged that "[i]t [had] been 1 year and [I] haven't heard anything" regarding her appeal from the Commissioner's decision and that Defendant "ha[s] not process[ed] my application because of my religion[.]" (Doc. 6 at 3.) In the supplement to the AC, Plaintiff alleged "I had ask[ed] the department of social security for an appeal [but] they never respon[ded] to my request[.]" (Doc. 9 at 1.) She referenced but did not attach to her AC a copy of the Commissioner's final decision and a copy of the notice that an appeal was denied from

the Social Security Appeals Council. *Id.* In the absence of an allegation that Plaintiff has pursued her claim administratively before the SSA, fully exhausting her administrative remedies by timely appealing the adverse decision, her claim is not a challenge to a final decision of the SSA. For this reason, the AC fails to state a claim against the Commissioner of SSA for which this court has jurisdiction, and Plaintiff's AC is DISMISSED upon review under 28 U.S.C. § 1915(e)(2)(B).[2]

### C.    Leave to Amend.

Because Plaintiff has already had an opportunity to amend her Complaint in this action, the court declines to grant leave to amend for a second time. However, Plaintiff may petition the court for leave to amend within twenty (20) days of the date of this Order. Any motion for leave to amend shall allege when Plaintiff received notice that the Commissioner's decision was final and include a copy of the Commissioner's final decision and a copy of the notice she received that her appeal was denied from the Social Security Appeals Council. In addition to a motion for leave, Plaintiff must submit a proposed Second Amended Complaint ("SAC") that, if filed, will supersede and completely replace the AC. *See Hancock v. Cnty. of Rensselaer,* 882 F.3d 58, 63 (2d Cir. 2018) (noting "it is well settled that an amended pleading ordinarily supersedes the original and renders it of no legal effect") (brackets and internal quotation marks omitted).

A SAC must include Plaintiff's factual allegations in their entirety and must set forth all the claims she alleges against each defendant and all the relief she seeks. It must comply with the Federal Rules of Civil Procedure, including setting forth a short and plain statement of the grounds for the court's subject matter jurisdiction as well as a short and plain statement of each claim as required by Rule 8 and satisfy the pleading requirements of Rule 9(b). It also must contain consecutively numbered paragraphs as

---

[2] The AC also fails to comply with the Federal Rule of Civil Procedure 8, requiring Plaintiff to set forth a short and plain statement of each claim, and Rule 10, instructing each statement be listed in consecutively numbered paragraphs. The court will excuse noncompliance for this filing only.

7

required by Rule 10 and Plaintiff's original signature as required by Rule 11 certifying there is a good faith legal and factual basis for each claim.

## CONCLUSION

For the reasons discussed above, having conducted the review required under 28 U.S.C. § 1915(e)(2)(B), Plaintiff's AC (Doc. 7) is DISMISSED. Plaintiff may petition the court for leave to amend within twenty (20) days of the date of this Order. In doing so, Plaintiff should file a proposed SAC and address the pleading deficiencies identified herein. Because the proposed AC has been dismissed, Defendant's motion to dismiss is DENIED AS MOOT. (Doc. 16.)

The court hereby certifies that under 28 U.S.C. § 1915(a)(3) any appeal would not be taken in good faith.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 17th day of July, 2026.

Christina Reiss, Chief Judge
United States District Court